```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MATTHEW R. THOMAS,**

                           **Petitioner,**

         v.                                            CASE NO. 22-3150-SAC

**CHANDLER CHEEKS,**

                           **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), his motion to proceed in forma paupers (Doc. 2), and his motion to appoint counsel (Doc. 3). The Court will grant the motion to proceed in forma pauperis, deny the motion to appoint counsel, and direct Petitioner to show cause why this matter should not be dismissed for failure to state a claim that is actionable in federal habeas.

**Background**

Petitioner, an inmate serving a Kansas state-court sentence at Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se. He asserts that he is challenging convictions from three cases in Neosho County District Court in Chanute, Kansas: 2017-CR-000547, 2018-CR-000425, and 2019-CR-000071. (Doc. 1, p. 1.) He asserts a single ground for relief, claiming a "[failure] to [modify] or correct Jail to credit of sentence." *Id.* at 5. As facts supporting his claim, he asserts: "I requested Jay [Witt] a court appointed attorney at Southeast Kansas Public at [Defense] Office at 10 S. Highland Chanute, KS 66720, I requested a [modify] or

correct jail credit due to failure of Jay Witt and Judge [Ahlquist], Daryl D." (*Id.* at 5.) According to the online records of the Neosho County District Court, Judge Ahlquist presided over the three criminal cases Petitioner identifies in his petition. Attorney Jay Dee Witt was appointed counsel for Petitioner in the three criminal cases. As relief, Petitioner asks the Court to modify or correct the jail credits in the three identified cases, order the respondent to pay Petitioner's filing fee, and to award Petitioner $100,000.00 in damages for pain and suffering. *Id.* at 14.

The online records also reflect that in all three relevant cases, Petitioner filed a pro se "Motion to Correct Jail Credits" on February 5, 2021 and a pro se "Motion to Modify Sentence[] and journal entry" on August 16, 2021. In addition, Petitioner has filed multiple other documents with the state district court seeking modification of his jail credit. The online records do not reflect that the state district court has ruled on any of these motions.

**Screening Standards**

This matter is governed by Habeas Corpus Rule 4, which requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Discussion**

As noted above, Petitioner began this matter by filing a petition for relief under 28 U.S.C. § 2254. It appears, however, that Petitioner may seek relief that is more properly sought under 28 U.S.C. § 2241. To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court under § 2254, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). But even liberally construing the petition, Petitioner does not appear to be challenging his convictions. Rather, he appears to challenge the award (or lack thereof) of jail-time credit.

If the Court is properly construing the petition and Petitioner's claim is that he is entitled to additional jail-time credit, he may wish to seek relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *See Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019) ); *see also*

*Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petition the appropriate form for filing a petition under § 2241 and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2241. The Court cautions Petitioner, however, that whether he seeks relief under § 2254 or § 2251, money damages are not available as relief in a federal habeas corpus action. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number

of this action (21-3150) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition.

If Petitioner does not wish to pursue a § 2241 petition at his time or if the Court has misunderstood Petitioner's current arguments or challenges, Petitioner shall file a written response to this order so informing the Court and the matter will proceed under § 2254. The Court reminds Petitioner, however, that the current petition does not appear to state a claim upon which relief can be granted under § 2254. If Petitioner fails to submit an amended petition or a response consistent with these directions on or before August 26, 2022, this action may be dismissed without further notice.

**Motion for Appointment of Counsel (Doc. 3)**

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). The Court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case."

*Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this initial stage of the proceedings, as explained above, the precise nature of Petitioner's claim or claims is not yet clear. If this action develops in a way that requires counsel, Petitioner may renew his request for appointment of counsel at a later date. *See* Rules Governing § 2254 Cases, Rules 6 and 8. At this point, however, the Court concludes that the interest of justice does not require the appointment of counsel. Accordingly, the Court will deny the motion for appointment of counsel (Doc. 3) without prejudice to refiling at a later date.

**Conclusion**

For the reasons stated above, the Court will grant Petitioner's motion for leave to proceed in forma pauperis (Doc. 2), deny without prejudice Petitioner's motion for appointment of counsel (Doc. 3), and direct Petitioner to file, on the appropriate court-approved forms, a petition for writ of habeas corpus under 28 U.S.C. § 2241 or to inform the Court, in writing, if he does not wish to do so or if he believes the Court has misunderstood his position. A failure to timely comply with the Court's order may result in this action being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis (Doc. 2), is **granted.**

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 3), is **denied without prejudice**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including August 26, 2022, in which to file a complete and proper petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in compliance with the directions in this order or to file a written response to this order informing the Court that he does not intend to do so. The failure to file at least one of these documents may result in this action being dismissed without further prior notice to Petitioner. The clerk of court shall transmit a form § 2241 petition to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge