IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW R. THOMAS,

                              Petitioner,

          v.                               CASE NO. 22-3150-SAC

CHANDLER CHEEKS,

                              Respondent.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 8.) The Court has conducted the preliminary review of the § 2241 petition required by Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Court. For the reasons set forth below, the Court will direct Petitioner to show cause why this matter should not be dismissed without prejudice so he may exhaust available state-court remedies.

**Background**

Petitioner, a state inmate at Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se[1] and in forma pauperis. Petitioner is serving sentences imposed on August 3, 2020 in three cases in Neosho County District Court in Chanute, Kansas: 2017-CR-000547, 2018-CR-000425, and 2019-CR-000071. (Doc. 8, p. 1, 3.)

---

[1] The Court has received and reviewed Petitioner's documents regarding the status of his ongoing search for counsel to assist him in this matter. (See Docs. 7 and 10.)

Petitioner challenges the calculation and award of jail credit.[2] *Id.* at 2.

This matter asserts claims similar if not identical to the jail credit calculation claims Petitioner raised in *Thomas v. Meyer*, Case No. 22-3023, which this Court dismissed without prejudice on February 23, 2022 so that Petitioner could exhaust available state-court remedies. As the Court explained to Petitioner in that previous case, except in specific circumstances, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state

---

[2] To the extent that Petitioner has added claims to this matter based on the failure by his attorney, state court judges, and state court clerks to provide him with "the entire file" of his underlying criminal cases, those claims do not state a claim for relief that can be awarded in a federal habeas matter.

remedies, absent showing of futility). "The exhaustion of state remedies includes both administrative and state court remedies." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)

In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Petitioner ultimately bears the burden of showing he has exhausted available state remedies. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993); *see also Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000).

As with Petitioner's prior § 2241 action related to jail credit, it appears that Petitioner is currently pursuing in state court the correction of the alleged jail credit miscalculation. Petitioner states--and the online docket of the Neosho-Chanute District Court reflects--that Petitioner has motions pending in his three criminal matters regarding jail credit. In addition, the online docket shows that on July 28, 2022, the state district court appointed counsel to represent Petitioner in those state-court proceedings.

When claims made in a federal habeas petition are not yet exhausted in state court, the federal court generally should dismiss

3

the claims without prejudice so that the petitioner can pursue available state-court remedies. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). Petitioner is therefore directed to show cause, in writing, on or before September 19, 2022, why this matter should not be dismissed without prejudice so that Petitioner may exhaust available state-court remedies. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including September 19, 2022, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS SO ORDERED.**

DATED:  This 18th day of August, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge