**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                **Petitioner,**

     **v.**                                             **CASE NO. 22-3150-SAC**

**CHANDLER CHEEKS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 8.) In a memorandum and order (M&O) issued August 18, 2022, the Court directed Petitioner to show cause why this matter should not be dismissed without prejudice so he may exhaust available state-court remedies. (Doc. 11.) Petitioner has responded to the M&O. (Docs. 12 and 13.)

**Background**

Petitioner, a state inmate at Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se and in forma pauperis. He is serving sentences imposed on August 3, 2020 in three cases in Neosho County District Court in Chanute, Kansas: 2017-CR-000547, 2018-CR-000425, and 2019-CR-000071. (Doc. 8, p. 1, 3.) In this federal habeas matter, he challenges the calculation and award of jail credit in those cases. *Id.* at 2.

In the M&O, the Court explained to Petitioner that, except in specific circumstances, a state prisoner must exhaust all available

1

state-court remedies before pursuing federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner . . . must give the state courts an opportunity to act on his claims."); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (applying exhaustion requirement to petitions brought under 28 U.S.C. § 2241). In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Petitioner bears the burden of showing he has exhausted available state remedies. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

The M&O noted that it appears that Petitioner is currently pursuing in state court the correction of the alleged jail credit miscalculation. Petitioner has motions pending in his three state criminal matters regarding jail credit and, the state district court's online docket shows that on July 28, 2022, counsel was appointed to represent Petitioner in those state-court proceedings. When claims made in a federal habeas petition are not yet exhausted in state court, the federal court generally should dismiss the claims without prejudice so that the petitioner can pursue available state-court remedies. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). Thus, the M&O directed Petitioner to show cause, in writing, on or before September 19, 2022, why this matter should not be dismissed without prejudice so that Petitioner may exhaust

available state-court remedies.

Petitioner has filed two responses to the M&O (Docs. 12 and 13) and a motion to appoint counsel (Doc. 14). In the first response, filed on August 23, 2022, Petitioner advises the Court that the state district court has not set a court date yet, nor has his appointed counsel or the state court responded to his letters and/or motions regarding those proceedings. (Doc. 12.) Petitioner therefore asserts that he has exhausted available state-court remedies. *Id.*

In the second response, filed on September 1, 2022, Petitioner advises the Court that he has not yet heard from appointed counsel nor has a court date been set on his motions that remain pending in state court. (Doc. 13.) Thus, Petitioner argues that this failure to proceed or communicate with him gives him the right to continue in this federal habeas matter. *Id.* He again contends that he has exhausted his state-court remedies because he pursued state-court relief but the state court is refusing to act on his motions or respond to his inquiries. *Id.*

The Court understands Petitioner's frustration with the pace of the state-court proceedings. However, it appears that avenues for state-court relief still may remain available for Petitioner. For example:

> "Mandamus is 'a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law.' K.S.A. 60-801. A

3

> 'writ of mandamus seeks to enjoin an individual or to enforce the personal obligation of the individual to whom it is addressed,' and 'rests upon the averred and assumed fact that the respondent is not performing or has neglected or refused to perform an act or duty, the performance of which the petitioner is owed as a clear right.' [*State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1024 (1984).]"

*Schwab v. Klapper*, 315 Kan. 150, 154 (2022).

Kansas Supreme Court Rule 9.01 sets forth the procedure for initiating an original action in mandamus in the Kansas appellate courts. This Court offers no opinion on the likelihood of success of such an action. It merely notes that if Petitioner believes the state district court unlawfully is refusing to proceed on his pending motions, there are state-court remedies available. Accordingly, this matter will be dismissed without prejudice so that Petitioner can continue to pursue available state-court remedies. This dismissal renders Petitioner's request for appointment of counsel moot.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

4

> claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust available state-court remedies. The motion to appoint counsel (Doc. 14) is therefore **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 20th day of September, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

5